# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHARLA MULZET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-1246-STE |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of the Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. _____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration (SSA) denied Plaintiff's application for benefits. Following a hearing, an Administrative Law Judge (ALJ)

---

[1] On June 17, 2019, Andrew M. Saul was sworn in as the Commissioner of Social Security and he is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

issued an unfavorable decision. (TR. 13-24). Subsequently, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (TR. 1-3).

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 19, 2015, her alleged onset date. (TR. 15). At step two, the ALJ determined that Ms. Mulzet had the following severe impairments: obesity; diabetes mellitus II; hypertension; chronic headaches; complex partial seizure disorder; major depressive disorder; and mild neurocognitive disorder. (TR. 15). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 16).

At step four, the ALJ concluded that Ms. Mulzet retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except she needs to avoid exposure to hazards, machinery and heights; no climbing of ladders, ropes or scaffolds. The claimant is limited to simple tasks with routine supervision; no more than occasional interaction with co-workers and supervisors and no public interaction.

(TR. 18). With this RFC, the ALJ concluded that Ms. Mulzet was unable to perform her past relevant work. (TR. 23). Thus, the ALJ proceeded to step five and presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the

2

national economy that Plaintiff could perform. (TR. 46-47). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 47). The ALJ adopted the VE's testimony and concluded that Ms. Mulzet was not disabled at step five. (TR. 24).

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Ms. Mulzet alleges the ALJ erred in evaluating opinions from: (1) consultative examining psychologist, Dr. Kara Rodgers and (2) State Agency psychologist, Dr. Lisa Swisher. (ECF No. 13:3-11).

3

## V. THE ALJ'S EVALUATION OF MEDICAL OPINIONS

The ALJ: (1) committed legal error in evaluating the opinion of Dr. Rodgers, but the error was harmless and (2) did not err in evaluating the opinion from Dr. Swisher.

### A. The ALJ's Duty to Evaluate Medical Opinions

An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); 20 C.F.R. § 404.1527(d). In determining what weight to accord any medical opinion, an ALJ must consider:

(1) the length of the treatment relationship and the frequency of examination;

(2) the nature and extent of the treatment relationship,

(3) the degree to which the physician's opinion is supported by relevant evidence;

(4) the consistency between the opinion and the record as a whole;

(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and

(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Hamlin*, at 1215, n. 7; 20 C.F.R. § 404.1527(e)(2)(iii). Although the ALJ need not explicitly discuss each factor, the reasons stated must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

Additionally, the ALJ may not selectively review any medical opinion and must provide a proper explanation to support his findings. *See Chapo v. Astrue*, 682 F.3d 1285,

4

1292 (10th Cir. 2012) ("We have repeatedly held that [a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects."); And if the ALJ rejects an opinion completely, he must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

### B. Opinions from Dr. Rodgers and Dr. Swisher

On December 16, 2016, Dr. Rodgers performed a consultative psychological examination on Ms. Mulzet and stated that she:

- exhibited several symptoms of depression, which appeared to be severe in nature;

- struggled with anxiety and panic attacks, specifically when around others or in public places;

- would likely have very little motivation and drive in a work-related environment;

- may struggle in understanding, remembering, and following through with tasks in a work-related environment;

- scored a "24" on the Montreal Cognitive Assessment (MoCA), which would indicate some "mild cognitive deficits;"

- would have likely scored lower on the MoCA if the subtests had been timed; and

- suffered from a "somewhat slowed" processing speed.

(TR. 812).

On December 19, 2016, non-examining psychologist Dr. Swisher reviewed Plaintiff's records and concluded that she could:

- perform simple tasks with routine supervision;
- relate to peers and supervisors on a superficial work basis;
- not relate to the general public; and
- adapt to a work situation.

(TR. 96).

### C. The ALJ's Evaluation of Opinions from Dr. Rodgers and Dr. Swisher

In the decision, the ALJ discussed Dr. Rodgers' examination, noting:

- Plaintiff's subjective reports regarding her mental health history, prior work, hobbies, social interactions, and nervousness in crowds;
- that Dr. Rodgers had found Ms. Mulzet to be cooperative, with good eye contact, no speech problems, and no psychomotor agitation;
- that Dr. Rodgers had diagnosed Plaintiff with major depressive disorder;
- that Plaintiff had scored a "24" on the MoCA, which Dr. Rodgers stated would indicate some "mild cognitive deficits;" and
- that Ms. Mulzet struggled with panic attacks when around others in a crowded environment.

(TR. 20, 22). In weighing Dr. Rodgers' opinion, the ALJ stated:

> The finding of severe depressive disorder given by consultative examiner, Kara Rodgers, Psy.D., is accepted as this assessment is consistent with the internal examination as well as supported with an explanation. Dr. Rodgers noted the claimant endorsed several symptoms of depression, which appear to be severe in nature. Further, [Plaintiff] struggles in panic attacks when around others in crowded environments.

(TR. 22).

Regarding Dr. Swisher's opinion, the ALJ stated:

> [T]he opinion of State agency psychological consultant, Lisa Swisher, Ph. D., is given great weight. She opined the claimant can perform simple tasks with routine supervision. She can relate to peers and supervisors on a superficial work basis, but cannot relate to the general public. This assessment is consistent with findings on psychological examination, as well as claimant's stated activities.

(TR. 22).

### D. No Reversible Error in the ALJ's Evaluation of Dr. Rodgers' Opinion

Plaintiff contends the ALJ erred in evaluating Dr. Rodgers' opinion by engaging in an improper selective review of Dr. Rodgers' opinion and failing to evaluate the opinion utilizing the regulatory factors. (ECF No. 13:3-10). The Court finds no reversible error.

First, Plaintiff contends that the ALJ failed to discuss Dr. Rodgers' findings that Ms. Mulzet:

- would likely have very little motivation and drive in a work-related environment;
- may struggle in understanding, remembering and following through with tasks in a work-related environment;
- would have likely scored lower on the Montreal Cognitive Assessment (MoCA), if the subtests had been timed; and
- suffered from a "somewhat slowed" processing speed.

(ECF No. 13:3-9). The Commissioner disagrees, arguing in part, that: (1) not all of Dr. Rodgers' findings constitute "medical opinions" and (2) any error in the ALJ's review of Dr. Rodgers' opinion was harmless.[2] The Court agrees with the Commissioner.

---

[2] The Commissioner also argues: (1) substantial evidence supported the finding of disability; (2) no error occurred because the ALJ properly credited opinions from two other psychologists over Dr. Rodgers' opinion; and (3) Plaintiff's ability to perform past work as a deputy sheriff indicates

7

Defendant begins by arguing that Dr. Rodgers' first three findings do not constitute "medical opinions" as defined by the regulations. (ECF No. 16:11-12); *see supra*. The Court agrees. A "medical opinion" is a regulatory term reserved for "judgments about the nature and severity of a claimant's impairment(s), including his symptoms, diagnosis and prognosis, what he can still do despite impairment(s), and his physical and mental restrictions." *Lackey v. Barnhart,* 127 F. App'x 455, 457 (10th Cir. 2005) (alterations and internal quotation marks omitted); *accord* 20 C.F.R. § 404.1527(a)(2). Dr. Rodgers' statements that Plaintiff "would likely" have little motivation and drive in a work environment; "may" struggle in completing work tasks; and "would have likely" scored lower on the MoCA if the subtests had been timed are each insufficient to constitute a "medical opinion" as that term is defined by the regulations.[3]

However, Dr. Rodgers' statement that Plaintiff suffered from a "somewhat slowed" processing speed *is* considered a "medical opinion," which the ALJ had a duty to evaluate. *See supra*. But the ALJ failed to mention or evaluate this portion of Dr. Rodgers' opinion, while discussing other portions of the opinion, a practice which is impermissible. *See supra, Chapo*. Although the ALJ may have had a basis for rejecting Dr. Rodgers' opinion regarding Plaintiff's slow processing speed, he failed to explain his reason for doing so. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (remanding because the ALJ

---

that her mental limitations are not as severe as she alleged. (ECF No. 16:7-12). But the Court need not address these arguments in light of the decision to affirm the Commissioner.

[3] Ms. Mulzet also argues that Dr. Rodgers' statement regarding Plaintiff's performance on the MoCA translated to an opinion that "[Plaintiff] will take more time to complete tasks." (ECF No. 13:5). The Court disagrees, as Dr. Rodgers herself offered no such opinion. *See* TR. 811-814.

had failed to explain his apparent rejection of consulting examiner's opinion). Ordinarily, the error would warrant remand. *See Flute v. Colvin*, No. CIV-14-509-RAW-KEW, 2016 WL 1238171, at *2–4 (E.D. Okla. Mar. 10, 2016), *report and recommendation adopted*, No. CIV-14-509-RAW-KEW, 2016 WL 1229069 (E.D. Okla. Mar. 28, 2016) (remanding for proper consideration of consultative physician's opinion that a claimant's "low processing speed [would] be problematic in many work settings" because although the ALJ had accorded a portion of the physician's opinion "great weight," he failed to accommodate the slow processing speed limitation in the RFC or explain why it had been rejected). But Mr. Saul has argued that any error in failing to discuss Dr. Rodgers' opinion was essentially harmless because the ALJ had limited Ms. Mulzet to only "simple tasks," which accommodated Dr. Rodgers' opinion. (ECF No. 16:12-15). The Court agrees.

In *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004), the Tenth Circuit Court of Appeals defined its allowance of harmless error in the context of Social Security cases. The Court stated: "it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on the material the ALJ did at least consider (just not properly), the court could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." An ALJ's failure to discuss and weigh a medical source opinion is harmless error "if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity." *Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014).

Thus, the issue in the instant case, is whether there is any inconsistency between Dr. Rodgers' opinion regarding Plaintiff's slow processing speed and the RFC which limited Plaintiff to "simple tasks with routine supervision." If not, the ALJ's failure to specifically discuss this portion of Dr. Rodgers' opinion would be considered harmless error. The Court concludes Dr. Rodgers' opinion regarding Plaintiff's slow processing speed and the RFC are consistent. *See Pursley v. Colvin*, No. CIV-15-276-SPS, 2016 WL 5408154, at *4 (E.D. Okla. Sept. 28, 2016) (concluding that RFC limitation to "simple tasks" properly accounted for claimant's limitation involving slow processing speed). Thus, any error the ALJ may have committed in failing to discuss this portion of Dr. Rodgers' opinion would be considered harmless.[4]

Plaintiff also argues that the ALJ failed to evaluate Dr. Rodgers' opinion utilizing the regulatory factors. (ECF No. 13:10). The Court rejects this argument. The ALJ credited Dr. Rodgers' opinion because it was: (1) consistent with her internal examination and (2) supported with an explanation. (TR. 22). Consistency and supportability are two of the factors set forth in the regulations, *see supra*, and the Tenth Circuit has expressly stated that it has found no law "requiring an ALJ's decision to apply expressly each of the six

---

[4] In an independent, yet related point, Plaintiff argues that Dr. Rodgers' opinion regarding Ms. Mulzet's "struggle to understand, remember, and follow through with tasks in a work-related environment," was not consistent with the RFC because that statement referred to a limitation in *all* tasks, not just simple work. (ECF No. 13:6-7). The Court rejects Ms. Mulzet's argument, because the particular limitation to which she refers is not considered an actual "medical opinion." *See supra*.

relevant factors in deciding what weight to give a medical opinion." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

### E. No Error in the ALJ's Evaluation of Dr. Swisher's Opinion

Plaintiff also challenges the ALJ's treatment of an opinion offered from State Agency psychologist Dr. Swisher, arguing: (1) the ALJ improperly credited Dr. Swisher's opinion over that of Dr. Rodgers and (2) the ALJ's rationale for crediting Dr. Swisher's opinion was insufficient. (ECF No. 13:9-10). The Court rejects both arguments.

First, Plaintiff contends that the ALJ improperly credited Dr. Swisher's opinion over that offered by Dr. Rodgers. (ECF No. 13:9). But Plaintiff's argument is misguided because the ALJ *independently* assessed the opinion from Dr. Swisher and did not: (1) accord Dr. Swisher's opinion "more weight" than Dr. Rodgers' opinion or (2) reject a portion of Dr. Rodgers' opinion based on a conflicting opinion offered by Dr. Swisher. Indeed, the ALJ "accepted" the opinions of Dr. Rodgers while according great weight to the opinions of Dr. Swisher. *See* TR. 22.

Second, Ms. Mulzet argues that the ALJ evaluated the opinions from Dr. Rodgers and Dr. Swisher with a "seeming inconsistency." (ECF No. 13:9-10). Ms. Mulzet takes issue with the ALJ's rationale for crediting Dr. Swisher's opinion—that the opinion "was consistent with findings on psychological evaluations." (ECF No. 13:9) (citing TR. 22). According to Ms. Mulzet, the ALJ's rationale only underscores his error in failing to consider a portion of Dr. Rodgers' opinion. *See* ECF No. 13:9-10 ("Therefore, if the ALJ did not find any inconsistency between State Agency Lisa Swisher's opinion with that of CE Rodgers, why did the ALJ fail to consider so much of CE Rodgers' opinion in the

RFC?"). The Court rejects Ms. Mulzet's allegation of error, however, because Dr. Swisher's findings (which mirror the RFC) *were* consistent with the portion of Dr. Rodgers' opinion that Plaintiff alleges was improper omitted—Plaintiff's slow processing speed. *See supra*.

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on August 16, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE